IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA ANDERSON,<br><br>        Plaintiff,<br><br>   vs.<br><br>FRESNO COUNTY HUMAN<br>SERVICES SYSTEM,<br><br>        Defendant.<br>_____/ | CASE NO. CV F 05-1325 LJO TAG<br><br>**ORDER ON PLAINTIFF'S EX PARTE APPLICATION TO EXTEND DISCOVERY DEADLINES**<br>(Doc. 26.) |

**INTRODUCTION**

In this Title VII employment termination and discrimination action, plaintiff Paula Anderson ("Ms. Anderson") seeks to extend the nonexpert and expert discovery cutoffs due to recent medical disability of her attorney Benjamin Robinson ("Mr. Robinson"). Defendant Fresno County ("County") opposes discovery cutoff extensions on grounds that Ms. Anderson has failed to establish good cause for extensions and that Ms. Anderson and Mr. Robinson have not diligently pursued this action. For the reasons discussed below, this Court EXTENDS the non-expert discovery cutoff to May 11, 2007 and the expert discovery cutoff to June 1, 2007.

## BACKGROUND

This Court issued its May 8, 2006 scheduling order[1] to set an April 20, 2007 nonexpert discovery cutoff and a May 11, 2007 expert discovery cutoff. On March 24, 2007, Ms. Anderson filed her ex parte application to continue the non-expert discovery cutoff to June 2, 2007 and the expert discovery cutoff to June 23, 2007 on grounds that migraine headaches incapacitated Mr. Robinson and prevented him to work during November 22, 2006 to January 22, 2007 and February 14, 2007 to March 9, 2007. Mr. Robinson produces a doctor's note of continued disability during February 14, 2007 to March 9, 2007.

The County opposes the discovery extensions on grounds that Ms. Anderson has failed to prosecute this action other than belatedly serve F.R.Civ.P. 26(a)(1) initial disclosures. The County notes that Ms. Anderson has failed to engage in discovery, including failure to designate expert witnesses and to respond to the County's written discovery to prompt a pending motion to compel.

## DISCUSSION

Pursuant to F.R.Civ.P. 16(b)(2) and (3), district courts must enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery." Scheduling orders may also include "the date or dates for conferences before trial, a final pretrial conference, and trial." F.R.Civ.P. 16(b)(4). "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." F.R.Civ.P. 16(b). The scheduling order "shall control the subsequent course of the action unless modified by a subsequent order." F.R.Civ.P. 16(e).

Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610. In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot

---

[1] Mr. Robinson did not attend the originally scheduled April 12, 2006 scheduling conference to prompt this Court's order to show cause why sanctions should not be imposed on him and to result in delay to set a schedule for this action.

reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In addressing the diligence requirement, this Court has noted:

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, *see In re San Juan Dupont*, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, *see Johnson*, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, *see Eckert Cold Storage*, 943 F.Supp. at 1233.

*Jackson*, 186 F.R.D. at 608.

Moreover, this Court's Local Rule 6-144(d) provides:

> Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other documents are looked upon with disfavor.

Here, Ms. Anderson fails to establish she was diligent to assist this Court to create a workable scheduling order. In fact, Mr. Robinson missed a scheduling conference to prompt this Court's order to show cause why sanctions should not be imposed on him. Ms. Anderson offers nothing to demonstrate that she was diligent to seek an extension of the discovery cutoffs. Mr. Robinson's declaration reveals that as early as February 2007, he was aware of his medical condition to alert him of the need to address discovery dates for this action. Mr. Robinson fails to explain why he did not sooner seek an extension of discovery dates.

Despite Mr. Robinson's delay, this Court gives Ms. Anderson the benefit of doubt that Mr. Robinson's medical condition contributed to his failure to sooner seek extension of the discovery cutoffs. Although this Court shares the County's frustration with dilatory and less than forthcoming counsel, a brief extension of the discovery cutoffs would appear to serve the parties' interests and compensate for Mr. Robinson's medical issues.

**CONCLUSION AND ORDER**

For the reasons discussed below, this Court EXTENDS the non-expert discovery cutoff to May 11, 2007 and the expert discovery cutoff to June 1, 2007. All discovery must be completed no later than the respective extended cutoffs. This Court does not modify other deadlines set in the May 8, 2006 scheduling order, in particular expert disclosures.

IT IS SO ORDERED.

**Dated:   April 4, 2007**              /s/ Lawrence J. O'Neill
66h44d                                              UNITED STATES DISTRICT JUDGE