1
2
3
4
5
6
7          **IN THE UNITED STATES DISTRICT COURT**

8          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   PAULA ANDERSON,                          Case No. 1:05-cv-1325 LJO NEW (TAG)

11                    Plaintiff,               ORDER GRANTING
                                               DEFENDANT'S MOTION FOR
12        v.                                   RULE 37 SANCTIONS (Doc.34)

13   FRESNO COUNTY, HUMAN SERVICES
     SYSTEM,
14
                     Defendant.
15   _____/

16        Pursuant to a notice filed on May 31, 2007, defendant Fresno County ("Defendant") seeks

17   sanctions against plaintiff Paula Anderson ("Plaintiff") and her counsel for failing to comply with a

18   prior discovery order. (Doc. 34).  Plaintiff filed no opposition.  This matter is submitted on the

19   pleadings without oral argument.  L.R.  78-230(h).  Having considered the pleadings and the Court's

20   file, the Court issues the following order.

21                              **FACTUAL BACKGROUND**

22        On November 10, 2004,  Plaintiff filed a complaint for injunctive relief, damages, attorney's

23   fees and costs against the Fresno County, Human Services System,  alleging employment

24   discrimination, harassment, and retaliation. (Doc 1-9).  Plaintiff's complaint was filed in the United

25   States District Court for the Central District of California.  (Id.).  On October 18, 2005, the case was

26   ordered transferred to the United States District Court for the Eastern District of California.  (Doc. 1-

27   3).  On October 21, 2005, the case file was transmitted to the United States District Court for the

28   Eastern District of California.  (Doc. 1).

                                         1

1    Plaintiff's complaint is brought pursuant to Title VII of the Civil Rights Act of 1964, and

2    seeks relief pursuant to 42 U.S.C. § 2000e-5(g). Specifically, Plaintiff, a former employee of the

3    Fresno County Human Services System, alleges that she was subjected to different terms, conditions,

4    and privileges of employment than similarly situated employees outside of her protected group, and

5    was treated less favorably than non-African-American employees in the terms, conditions, and

6    privileges of her employment. (Doc. 18, p. 2, lines 5-13). Defendant admits that it took reasonable

7    disciplinary measures against Plaintiff during the course of her employment due to chronic poor

8    work performance, and generally denies the remaining allegations of Plaintiff's complaint. (Doc,. 18,

9    p. 2, lines 15-18). Defendant contends that it had legal cause to take the action it did against

10   Plaintiff, and denies that actions affecting the terms and/or conditions of Plaintiff's employment

11   were motivated by race, or were done in retaliation for Plaintiff engaging in legally protected

12   activity, or that Plaintiff was the subject of harassment. (Doc. 18, p. 2lines 18-23).

13   The instant Motion for Rule 37 Sanctions involves this Court's Order dated April 16, 2007

14   (the "Discovery Order"). (Court Doc. 33). On April16, 2007, this Court granted Defendant's

15   motion to compel discovery and ordered Plaintiff to (1) provide full and complete responses, without

16   objections, to Set One of Defendant's Special Interrogatories ("Special Interrogatories"), to be

17   provided within 15 calendar days from the date of the order; (2) provide full and complete responses,

18   without objections, to Set One of Defendant's  Request for Production of Documents ("Request for

19   Production"), to be provided within 15 calendar days from the date of the order; and (3) pay

20   sanctions to Defendant in the amount of $612.50, within 30 calendar days from the date of the order.

21   (Doc. 33, p. 2. lines 2-15).

22   The Discovery Order was the first discovery order in this case. The Discovery Order

23   included the  admonition that: "Failure to fully comply with this Order may result in a

24   recommendation by the Court that further sanctions issue, including without limitation, the possible

25   recommendation of terminating, evidentiary or issue sanctions, the striking of Plaintiff's Complaint,

26   entry of judgment in favor Defendant and against Plaintiff, and/or other sanctions pursuant to Rule

27   37 and Local Rule 11-110 that this Court may, in its discretion, deem appropriate." (Doc. 33, p. 2,

28   lines 16-20).

1

## MOTION

2       Defendant filed the instant Motion for Rule 37 Sanctions seeking an order dismissing

3   Plaintiff's complaint with prejudice or imposing evidentiary sanctions, because Plaintiff failed to

4   comply with the Discovery Order with respect to at least seven of sixteen Special Interrogatories

5   propounded on January 3, 2007.  (Doc. 34-2, pp. 4-7).  In addition, or as a minimum alternative,

6   Defendant requests that the Court impose monetary sanctions on Plaintiff for a second time, with a

7   second admonition that failure to comply with discovery orders will result in a recommendation of

8   dismissal with prejudice. (Doc. 34-2, p. 12, lines 4-8).

9       On May 1, 2007, Plaintiff provided timely responses to the Special Interrogatories.

10  Defendant contends that Plaintiff's interrogatory responses violated the Discovery Order and the

11  Federal Rules because they are incomplete and evasive, and amount to a "wholesale failure to

12  provide any evidence or facts in response to interrogatories designed to discover all information

13  supporting [Plaintiff's] claims for discrimination, retaliation, and harassment." (Doc. 34-2, p. 2, lines

14  16-18, pp. 5-8).  Defendant also reports that Plaintiff failed to supplement her responses to remedy

15  these deficiencies, despite numerous requests to do so. (Doc. 34, p. 2, lines 18-19).  Defendant

16  further reports that Plaintiff has failed to pay the $612.50 sanction award that the Discovery Order

17  required to be paid no later than May 16, 2007.[1]

18

## ANALYSIS AND DISCUSSION

19       The Court first considers  whether Plaintiff has failed to comply with the Discovery Order,

20  and then will consider whether and to what extent sanctions are appropriate.

21  **A.       Non-Compliance with Discovery Order**

22       Defendant seeks the dismissal sanction based on Plaintiff's two-fold non-compliance with

23  the Discovery Order: (1) evasive and incomplete discovery responses; and (2) failure to pay

24  monetary sanction award of $612.50.  As to the latter, it is undisputed that Plaintiff  has not paid the

25  $621.50 sanction award as ordered by the Court.  More troubling than the fact that Plaintiff has not

26  paid the monetary sanctions, however, is the dearth of information Plaintiff provided in her

27

28          [1] The monetary sanctions were due no later than 30 calendar days from April 16, 2007.  (Doc. 33).

3

1   responses to at least seven of sixteen Special Interrogatories (Nos. 3, 5, 7, 9, 11, 13, and 15) , at a

2   time when Plaintiff was ordered to provide "full and complete responses."  (Docs. 33, 35-3, 35-5).

3   Plaintiff's responses to these interrogatories are discussed below.

4          **(1)**        **<u>Special Interrogatory No. 3</u>**

5         Special Interrogatory No. 3 asks Plaintiff to "IDENTIFY EVERY KNOWN FACT and

6   WRITING which in anyway supports, relates to or evidences YOUR contention that DEFENDANT

7   discriminated against YOU on the basis of YOUR race."   The definition portion of the Special

8   Interrogatories instructs Plaintiff that "(i) Your answer to a request for EVERY KNOWN FACT,

9   FACT, or ANY FACTS shall include any and all items of evidence which you presently have,

10  anticipate obtaining, or which you have the intention of using at the trial of this action.  In the event

11  you lack facts and evidence to answer any of these interrogatories, please state all information and

12  belief which you have concerning the subject, including the identity of the source of the information

13  requested. "  (Doc. 35-3, p. 3, line 28, p. 4 lines 1-4).

14        Plaintiff's response to Special Interrogatory No. 3 states: "Known facts and writing(s) which

15  support, relate or evidence Plaintiff's contention that Defendant discriminated against her on the

16  basis of her race *are contained in the documents Plaintiff has produced* in response to Defendant's

17  Request for Production of Documents."  (Emphasis added.)  (Doc. 35-5, p. 5, lines 16-20).

18  Plaintiff's interrogatory response fails to identify a single fact supporting, relating to, or evidencing

19  Plaintiff's racial discrimination claim against Defendant.  Instead of identifying a single fact,

20  Plaintiff simply refers Plaintiff to a generalized set of documents, leaving Plaintiff to derive or

21  ascertain from the documents what facts might exist to support Plaintiff's claim of racial

22  discrimination.

23        Defendant has the right to propound discovery to Plaintiff.  Fed.R.Civ.P. 26(b).  The purpose

24  of  interrogatories is to obtain evidence, and information which may lead to evidence and

25  admissions, and to narrow the issues to be tried.  <u>United States v. West Virginia Pulp and Paper Co.</u>,

26  36 F.R.D. 250, 252 (S.D. N.Y. 1964).  The party answering interrogatories must furnish "such

27  information as is available to the party."  Fed.R.Civ.P. 33(a).  Rule 33(b)(1) requires an interrogatory

28  to be answered "fully in writing under oath. . . ."   Fed.R.Civ.P. 33(b)(1).  Parties must provide

"true, explicit, responsive, complete, and candid answers to interrogatories." <u>Hansel v. Shell Oil Corp.</u>, 169 F.R.D. 303, 305 (E.D. Pa. 1996).  An answer to an interrogatory must respond to question being asked.  The answer "should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer had been given without an elaborate comparison of answers." <u>Scoff v. Benne</u>, (ND Ind. 2000) 191 F.R.D. 590, 594).  When a party propounds an interrogatory that requests an answer to a question, a party responds inappropriately by simply designating documents, because the interrogatory did not call for records.  <u>See</u>, <u>Equal Employment Opportunity Commission v. Anchor Continental, Inc.</u>, (D.C.S.C. 1977) 74 F.R.D. 523, 525.

Special Interrogatory No. 3 asks  Plaintiff to provide the facts that support her racial discrimination claim, and to identify in her answer any evidence to support those facts.  Plaintiff failed to provide any facts to support her claim, and instead defaulted to the documents, without identifying any specific document to support any fact.  Plaintiff's shotgun "default to the documents" approach to answering a factual contention interrogatory does not satisfy Plaintiff's obligation to articulate the facts that support her claim and to do so in an explicit, responsive, complete, and candid manner.   The Court agrees with Defendant's characterization of Plaintiff's response to this interrogatory, i.e.,   it amounts to a wholesale failure to provide any facts in response to this interrogatory.  Accordingly, the Court finds that  Plaintiff has failed to comply with her  discovery obligations under Fed. R. Civ. P. 33 by failing to provide a responsive and complete answer to Special Interrogatory No. 3, and has thus failed to comply with the Discovery Order.

**(2)**   <u>**Special Interrogatory No. 5**</u>

Special Interrogatory No. 5 asks Plaintiff to "IDENTIFY EVERY KNOWN FACT and WRITING which in anyway supports, relates to or evidences YOUR contention that DEFENDANT harassed YOU during YOUR employment."  (Doc. 35-3, p. 5, lines 6-8).  Plaintiff's response to Special Interrogatory No. 5 is nearly identical to her response to Special Interrogatory No.3: "Known facts and writing(s) which support, relate or evidence Plaintiff's contention that Defendant harassed her *are contained in the documents Plaintiff has produced* in response to Defendant's

5

Request for Production of Documents." (Emphasis added.) (Doc. 35-5, p. 8, lines 1-4). Plaintiff's interrogatory response fails to identify a single fact supporting, relating to, or evidencing Plaintiff's harassment claim against Defendant. Plaintiff's response to this interrogatory is deficient for the same reasons that her response to Special Interrogatory No. 3 is deficient: instead of identifying a single fact to support her harassment claim, Plaintiff simply uses boilerplate language referring to a generalized set of documents, leaving Plaintiff to divine from the documents what facts might exist to support Plaintiff's claim. Defendant's response to Special Interrogatory No. 5 is not a full and complete response, it is akin to no response at all. Accordingly, the Court finds that Plaintiff has failed to comply with her discovery obligations under Fed. R. Civ. P. 33 by failing to provide a responsive and complete answer to Special Interrogatory No. 5, and has thus failed to comply with the Discovery Order.

### (3)   Special Interrogatory No. 7

Special Interrogatory No. 7 asks Plaintiff to: "IDENTIFY EVERY KNOWN FACT and WRITING which in anyway supports, relates to or evidences YOUR contention that DEFENDANT retaliated against YOU during YOUR employment." (Doc. 35-3, p. 5, lines 19). Plaintiff's response to Special Interrogatory No. 7 is identical to her response to Special Interrogatory No. 3: "Known facts and writing(s) which support, relate or evidence Plaintiff's contention that Defendant discriminated against her on the basis of her race *are contained in the documents Plaintiff has produced* in response to Defendant's Request for Production of Documents." (Emphasis added.) (Doc. 35-5, p. 10, lines 8-12). Again, Plaintiff's interrogatory response fails to identify a single fact supporting, relating to, or evidencing Plaintiff's claim against Defendant, this time with respect to her claim for retaliation. Plaintiff's answer to this interrogatory is non-responsive to the question asked, and is deficient for reasons that her response to Special Interrogatories Nos. 3 and 5 are deficient: instead of identifying a single fact to support her retaliation claim, Plaintiff has provided a boilerplate response referring to a generalized set of documents, leaving Plaintiff to surmise from

unspecified documents, what facts might exist to support Plaintiff's retaliation claim.[2]  Accordingly,
the Court finds that  Plaintiff has failed to comply with her  discovery obligations under Fed. R. Civ.
P. 33 by failing to provide a responsive and complete answer to Special Interrogatory No. 7 and has
thus violated the Discovery Order.

**(4)**     **Special Interrogatories Nos. 9. 11, 13, and 15**

Special Interrogatory No. 9 asks Plaintiff : If YOU contend that race was a motivating factor
in any decision made by DEFENDANT relating to the terms and conditions of YOUR employment,
IDENTIFY EVERY KNOWN FACT and WRITING which in any way supports, relates to or
evidences YOUR contention in that regard." (Doc. 35-3, p. 5, lines 27-28, p. 6, lines 1-3).

Special Interrogatory No. 11 asks Plaintiff : "If YOU contend that YOU suffered any adverse
employment action during YOUR employment with the COUNTY, IDENTIFY EVERY KNOWN
FACT and WRITING which in any way supports, relates to or evidences YOUR contention in that
regard." (Doc. 35-3, p. 6, lines 11-14).

Special Interrogatory No. 13 asks Plaintiff: "If YOU contend that YOU were subjected to a
hostile work environment during YOUR employment with COUNTY, IDENTIFY EVERY
KNOWN FACT and WRITING which in any way supports, relates to or evidences YOUR
contention in that regard." (Doc. 35-3, p. 6, lines 22-25).

Special Interrogatory No. 15 asks Plaintiff: "If YOU contend that YOU were retaliated
against during YOUR employment with the COUNTY, IDENTIFY each and every protected activity
in which YOU engaged and upon which YOU base YOUR contention tat YOU were retaliated
against." (Doc. 35-3, p. 7, lines 6-9).

Plaintiff's responses to Special Interrogatories Nos. 9, 11, and 13 are identical boilerplate
responses. Plaintiff responded to each of these interrogatories as follows: "Known facts and
writing(s) which support, relate or evidence Plaintiff's contention that Defendant discriminated
against her on the basis of her race *are contained in the documents Plaintiff has produced* in

---

[2] Moreover, this boilerplate response relates to Plaintiff's claim of racial discrimination, not retaliation, leaving the Court to question whether Plaintiff used an incorrect boilerplate response without realizing it.

1  response to Defendant's Request for Production of Documents." (Emphasis added.) (Doc. 35-5,

2  p.12, lines 17-21, p. 14, lines 25-28, p. 15, line1, p. 17, lines 5-9). Plaintiff's response to Special

3  Interrogatory No. 15 is nearly identical: "Known facts and writing(s) which support, relate or

4  evidence Plaintiff's contention that Defendant retaliated against her *are contained in the documents*

5  *Plaintiff has produced* in response to Defendant's Request for Production of Documents."

6  (Emphasis added.) (Doc. 35-5, p. 19, lines 14-17).

7       Plaintiff's responses to Special Interrogatories Nos. 9, 11, 13, and 15 are incomplete and

8  evasive because they fail to identify a single fact supporting, relating to, or evidencing Plaintiff's

9  claims, leaving the Court to surmise that Plaintiff either has no facts to support her claims, or is

10  unwilling to disclose them.  Plaintiff's responses to each of these interrogatories are deficient for the

11  same reasons that her responses to Special Interrogatory Nos. 3, 5, and 7 are  deficient: instead of

12  identifying a single fact to support her claims, Plaintiff has provided a boilerplate response referring

13  to a generalized set of documents, leaving Plaintiff to divine from unspecified documents, what facts

14  might exist to support Plaintiff's claims. Accordingly, the Court finds that  Plaintiff has failed to

15  comply with her  discovery obligations under Fed. R. Civ. P. 33 by failing to provide responsive and

16  complete answers to Special Interrogatories No. 9. 11, 13, and 15, and has thus failed to comply with

17  the Discovery Order.

18  _____(5)___ **Summary of Findings of Non-Compliance with Discovery Order**

19       Based on the foregoing, the Court finds that Plaintiff has failed to comply with the Discovery

20  Order by failing to provide responsive and complete answers to Special Interrogatories Nos. 3, 5, 7,

21  9, 11, 13, and 15, and by failing to pay Defendant sanctions of  $612. 50 as ordered.

22  **B.    Appropriate Sanctions**

23       The Court now turns to the question of whether and to what extent sanctions are appropriate

24  for Plaintiff's non-compliance with the Discovery Order.   The purpose of discovery is to make trial

25   "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to

26  the fullest practicable extent possible." United States v. Procter & Gamble Co., 356 U.S. 677, 683

27  (1958).  By failing to provide appropriate responses to the seven interrogatories, Plaintiff  has failed

28  to disclose even the most basic of facts to support her claims against Defendant, i.e. racial

8

discrimination, harassment, and retaliation. Plaintiff's failure to permit effective discovery has left Defendant essentially blindfolded as to Plaintiff's asserted factual basis for her claims, and thus thwarted the purpose of discovery. Under the circumstances, discovery sanctions against Plaintiff and her counsel are appropriate.

Pursuant to Fed.R.Civ.P. 37(b)(2), if a party "fails to obey an order to provide or permit discovery" a court "may make such orders in regard to the failure as are just," including to:

> A.   Designate facts as established;
>
> B.   Refuse to allow the disobedient party to support or oppose designated claims or defenses, or prohibit the disobedient party from introducing designated matters in evidence; and
>
> C.   Strike out pleadings or parts thereof, stay further proceedings until an order is obeyed, or dismiss an action, proceeding or any part thereof; or render judgment by default.

Rule 37(b)(2)(E) authorizes monetary sanctions and states in pertinent part:

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ. P. 37(b)(2)(E).

In order to assess the sanction of dismissal, the Court must consider whether Plaintiff's non-compliance with the Discovery Order is due to willfulness, fault or bad faith. "Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993); Fjelstad v. American Honda Motor Co. Inc,, 762 F.2d 1334, 1337 (9th Cir. 1985). "'[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Henry, 983 F.2d at 948 (quoting Fjelstad, 762 F.2d at 1341.) A single willful violation may suffice depending on the circumstances. Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1056 (9th Cir. 1998).

The Court is unable to ascertain whether Plaintiff willfully failed to pay the monetary sanctions; the only evidence before the Court on that issue is the fact that the sanctions were not paid. However, there is ample evidence before the Court to ascertain whether Plaintiff's failure to

provide full and complete responses to the Special Interrogatories was willful.  Plaintiff provided

evasive and incomplete responsive answers to at least seven of sixteen interrogatories using

redundant boilerplate.  Plaintiff was put on notice of the deficiencies in her interrogatory responses,

was asked to correct those deficiencies by supplementing her written responses and given an

opportunity to do so, yet Plaintiff failed to supplement her responses or otherwise correct the

deficiencies. (Docs. 35-6, 35-7).  Under these circumstances and based on the evidence presented,

the Court finds that Plaintiff's failure to provide full and complete responses to Special

Interrogatories Nos. 3, 5, 7, 9, 11, 13, and 15 was willful.

The Court must also consider five additional factors to assess the severe sanction of

dismissal:

1.      The public's interest in expeditious resolution of litigation;

2.      The court's need to manage its docket;

3.      The risk of prejudice to the party seeking sanctions;

4.      The public policy favoring disposition of cases on their merits; and

5.      The availability of less drastic sanctions.

Valley Engineers, 158 F.3d at1057; In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996).  "The

first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against

a default or dismissal sanction.  Thus, the key factors are prejudice and availability of lesser

sanctions."  Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).  Implicit in Rule 37(c)(1) is

that the burden is on the party facing sanctions to prove harmlessness.  Yeti by Molly, Ltd. v.

Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).  "What is most critical for case-

dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the

discovery violations 'threaten to interfere with the rightful decision of the case.'"  Valley Engineers,

158 F.3d at 1057 (quoting Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir.

1990).

The Court has considered the public's interest in expeditious resolution of litigation, the need

to manage its docket, the risk of prejudice to Defendant, the public policy favoring disposition of

cases on their merits, and the availability of less drastic sanctions.  The Court concludes that

10

Plaintiff's disobedience of the Discovery Order has delayed the completion of discovery and added to the Court's case load with an otherwise unnecessary discovery motion, and is unexcused and unjustified.  Plaintiff was advised by the Discovery Order that failure to comply may result in a recommendation for dismissal of Plaintiff's case for failure to obey the Court's Order, yet Plaintiff nevertheless failed to comply. (Doc. 33, p. 2, lines 16-20).  Plaintiff's non-compliance has prejudiced Defendant because Defendant has expended time and resources to obtain information and evidence necessary to defend itself in this action, and according to Defendant's counsel, has impeded Defendant's ability to prepare this case for summary judgment and trial and its ability to conduct follow-up discovery in light of the discovery cutoff date.  (Doc. 34-2, p. 9, lines 1-6).

In assessing the availability of lesser sanctions, the Court has considered whether there are any less drastic sanctions than dismissal, that would effectively prod Plaintiff and her counsel into compliance.  The Court notes that Plaintiff has already failed to pay $612.50 in monetary sanctions, as Defendant has pointed out.  The Court also notes that the Discovery Order's admonition that non-compliance *might* result in a recommendation of dismissal was not an effective deterrent to Plaintiff's discovery violations. The Court also notes that in this particular discovery dispute, the imposition of evidence sanctions to preclude Plaintiff from presenting evidence pertaining to her discovery violations, i.e., to support her claims of racial discrimination, harassment, and retaliation, would be tantamount to a dismissal sanction in this case.

However, after considering the totality of the circumstances and the relevant factors, including the fact that Plaintiff  has not yet been deposed, the Court concludes that there is a less drastic alternative to dismissal that may prove an effective deterrent to Plaintiff's discovery abuses, to wit: an order (1) requiring  Plaintiff to provide full and complete written responses to the Special Interrogatories within 10 calendar days from the date of this Order; (2) reopening discovery to allow Defendant, at its sole discretion, to depose Plaintiff upon seven calendar days' notice; (3) requiring Plaintiff to pay all court reporter's fees and videographer's fees for her deposition, as well as the fees for an original and two copies of the transcript, including without limitation, additional fees to expedite the transcript, video, and copies thereof; (4) awarding sanctions against Plaintiff and Plaintiff's counsel in the sum of $1,778.00, an amount which the Court finds to be a reasonable

amount for Defendant's attorney's  fees and costs incurred in making the instant motion, and an appropriate award after considering the degree of involvement of Plaintiff and her counsel; (5) requiring Plaintiff to pay the $612.50 monetary sanctions awarded in the Discovery Order within seven calendar days from the date of this Order; and (6) admonishing Plaintiff that her continued failure to abide by the Court's discovery and sanction orders will result in a recommendation that Plaintiff's complaint be dismissed with prejudice.  Accordingly, the Court grants the Motion for Rule 37 sanctions and will issue monetary and non-terminating sanctions at this juncture.

## **ORDERS**

Based on the foregoing, the Court GRANTS Defendant's Motion for Rule 37 Sanctions (Doc. 34) as follows:

1.      ORDERS Plaintiff to provide full, complete, and verified written responses, without objections, to Special Interrogatories Nos. 3, 5, 7, 9, 11, 13, and 15 of Set One of Defendant's Special Interrogatories, no later than July 9, 2007;

2.      ORDERS that discovery is re-opened to to allow Defendant, at its sole discretion, to depose Plaintiff upon seven calendar days' notice;

3.      ORDERS Plaintiff to pay all court reporters' fees and videographers' fees incurred for Plaintiff's deposition, as noticed by Defendant, and all fees incurred for an original and two copies of the transcript and video of Plaintiff's deposition, including without limitation, all additional fees incurred to expedite the delivery of such transcript, video, and copies thereof;

4.      GRANTS the monetary sanctions request for the amount of $1,778.00 and ORDERS  Plaintiff and Plaintiff's counsel to pay the $1,778.00 to Defendant no later than July 27, 2007;

5.      ORDERS Plaintiff to pay Defendant the amount of $612.50 (which is the monetary sanction awarded in the Order Granting Motion to Compel Responses to Special Interrogatories and Request for Production of Documents and Further Granting Request for Sanctions (Doc. 33) no later than July 9, 2007; and

///

///

1           6.     ADMONISHES Plaintiff that her continued failure to abide by the

2    Court's discovery and sanction orders will result in a recommendation that Plaintiff's complaint be

3    dismissed with prejudice.

4            **FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THE**

5    **IMPOSITION OF SANCTIONS.**

6

7    IT IS SO ORDERED.

8    Dated:   **June 28, 2007**                                   **/s/ Theresa A. Goldner**

9                                              UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28